# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RHONDA L. MERRITT,**

    **Plaintiff,**

v.                                   Case No. 8:17-cv-00712-JDW-JSS

**NANCY A. BERRYHILL,**
**Acting Commissioner of the**
**Social Security Administration,**

    **Defendant.**
    _____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 22), recommending that the decision of the Commissioner denying Plaintiff's claim for disability, disability insurance benefits, and supplemental security income be affirmed. Plaintiff filed objections (Dkt. 24), to which the Commissioner responded (Dkt. 26). After a *de novo* review of the findings to which objections are made, and a review of the findings to which objection is not made for plain error, I agree with the Magistrate Judge that the Commissioner's Decision should be affirmed. Accordingly, the objections are overruled, and the Report and Recommendation (Dkt. 22) is adopted.

### STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are reviewed *de novo.* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

The ALJ's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), and if the decision as

1

a whole is supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id.* (internal quotation marks and citations omitted). Legal conclusions of the ALJ are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## DISCUSSION

Plaintiff makes three objections to the Magistrate Judge's findings that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence and that the ALJ employed the correct legal standards. First, Plaintiff contends that the ALJ failed to develop a full and fair record. Second, she contends that the ALJ failed to provide her with a full and fair opportunity to cross-examine the vocational expert ("VE"). Last, she contends that the ALJ failed to consider evidence prior to the date she was last insured. (Dkt. 24).[1]

"The burden is primarily on the claimant to prove that [s]he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). A five-step, sequential evaluation process is used to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)). The first three steps evaluate whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, and (3) the impairment

---

[1] With one exception, Plaintiff cites no authority to support her objections. "A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it." *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012). *See also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *Bogan v. Comm'r of Soc. Sec.*, No. 17-cv-877, 2018 WL 2715461, at *3 (M.D. Fla. June 6, 2018).

2

meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step determines whether, based on the claimant's residual functional capacity ("RFC") assessment, she can perform any of her past relevant work despite the limitations caused by her impairments. *Id.* At the fourth step, the ALJ considers "all the relevant medical and other evidence" in the record to determine the claimant's RFC. *Phillips*, 357 F.3d at 1238 (quoting 20 C.F.R. § 404.1520(e)). The final step evaluates whether there are significant numbers of jobs in the national economy the claimant can perform, considering her RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178.

The ALJ found, as to steps one through three, that Plaintiff had not been engaged in substantial gainful activity since April 1, 2010 and had severe impairments, including "degenerative disc disease, hypertension, chronic obstructive pulmonary disease, and obesity," but that her impairments did not meet or medically equal the severity of one of the listed impairments. (Dkt. 14-2, pp. 30-31). The ALJ concluded at step four that she has the (RFC) to perform sedentary work. (*Id.* at p. 31). Based on her age, education, work experience, RFC, and testimony of the VE, the ALJ found Plaintiff not disabled. (*Id.* at pp. 34-35).

Plaintiff appealed the ALJ's decision on five grounds: (1) the ALJ erred in evaluating her mental impairments, (2) the ALJ erred in not ordering a psychological evaluation, (3) the ALJ failed to obtain a waiver of her right to representation at the hearing, (4) the ALJ precluded her from cross-examining the VE on one area of inquiry, and (5) the ALJ did not properly inform her about the date she was last insured or evaluate evidence predating her alleged onset date. (Plaintiff's Memorandum in Opposition to the Commissioner's Decision, Dkt. 18). The Magistrate Judge disagreed and recommended, after a thorough review of the ALJ's findings and conclusions, that the decision of the ALJ be affirmed. (Dkt. 22).

3

**PLAINTIFF'S OBJECTIONS**

**I.** *Failure to Develop the Record and Assist Plaintiff in Obtaining Evidence*

Plaintiff first contends that the ALJ failed to develop the record by not assisting her in obtaining medical records of her treatment for and diagnosis of bipolar disorder. (Dkt. 24, p. 1). This contention was not presented to the Magistrate Judge and is therefore not entitled to *de novo* review.[2] *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009) ("Because the magistrate judge system was created to help alleviate the workload of the district judges, 'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation-shift gears before the district judge.'") (quoting *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)). Notwithstanding, even if this contention was reviewed *de novo*, it would be rejected because there is sufficient evidence in the record to support the ALJ's decision and Plaintiff has not shown that she was prejudiced by the failure to obtain and consider her mental health records.

This contention is premised on the responsibility of the ALJ to develop a full and fair record. Although the ALJ "has a basic obligation to develop a full and fair record," *Graham*, 129 F.3d at 1422, "the claimant bears the burden of . . . producing evidence in support of [their] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Where, as here, however, "the evidence in the record is sufficient to support the ALJ's determination, the ALJ does not have a duty to obtain additional medical evidence." *See Lindsey v. Comm'r of Soc. Sec.*, No. 17-15733, --- F. App'x ---, ----, 2018 WL 3369170, at *3 (11th Cir. July 10, 2018) (citing *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999)). To warrant a remand for further development of the record, therefore, Plaintiff

---

[2] In Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Dkt. 18), she initially argued two issues. First, she contended that the ALJ erred in not ordering a Psychiatric Review Technique Analysis (*Id.* at pp. 8-9). Second, she contended that the ALJ failed to order a psychological consultative examination. (*Id.* at pp. 12-13).

4

must demonstrate that she was prejudiced. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). It must be determined "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* (internal quotation marks omitted). There are no evidentiary gaps which prejudiced Plaintiff.

The record demonstrates that during a colloquy between Plaintiff and the ALJ, Plaintiff testified that she had been told she was bipolar by an unknown mental health professional. (Tr. 47). Through no fault of the ALJ, the information regarding Plaintiff's mental health treatment was not forthcoming. The ALJ repeatedly attempted to elicit clear testimony from Plaintiff and her representative regarding her mental health treatment. (Tr. 42-55). When asked about Plaintiff's mental health treatment, her representative stated that Plaintiff talks to herself (Tr. 46), she was hoping to get her into a psychiatrist (Tr. 46), and she never received treatment before (Tr. 47). But the representative also testified that Plaintiff had received treatment, but from an unknown provider (Tr. 47). And the representative agreed that there were no records from a psychiatrist that needed to be ordered (Tr. 56). As a result, the ALJ was left without any information of when this treatment was provided or by whom.

The ALJ did not stop there, however. On numerous occasions, the ALJ made reference to the post-hearing development of the record, explaining that medical records could be ordered after the hearing was conducted. (Tr. 45, 48, 56). Notwithstanding, Plaintiff never requested additional time to obtain additional records. Nor did she produce or supplement the record with the purported missing records.[3] Accordingly, I find that the ALJ cannot be faulted for failing to develop a record

---

[3] *See also Rivera v. Comm'r of Soc. Sec.*, No. 12-cv-232, 2013 WL 557214, at *8 (M.D. Fla. February 14, 2013) ("Although the ALJ in this case did not direct Claimant to produce the missing medical records, Claimant also did not request the ALJ grant her additional time to provide them. Nor has Claimant attempted to provide the missing medical records to the Appeals Council or otherwise attempted to supplement the record.").

of Plaintiff's mental health treatment. And ultimately, it was Plaintiff's burden to produce evidence supporting her claims. *See Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007).

Significantly, as noted by the ALJ, Plaintiff's application for disability benefits was based on a variety of physical, rather than mental, impairments. (Dkt. 14-2, p. 33). *See also* (Dkt. 14-5, p. 8; Tr. 193; Dkt. 14-6, p. 15; Tr. 229, 232). Plaintiff fails to explain how the missing mental health records demonstrate "evidentiary gaps which result in unfairness or clear prejudice" in the determination of whether she is disabled as a result of a physical impairment. *Brown*, 44 F.3d at 935.[4] While she speculates that the records would have "...been relevant to whether she suffers from mental impairments and what limitation they warrant," (Dkt. 24, pp. 2-3), that is not enough.

In sum, Plaintiff fails to show what specific medical evidence would have changed the ALJ's decision. While she testified to having been diagnosed as bipolar, the record is devoid of any treatment for any mental disorder or impairments. (*Id.*).[5] I therefore conclude, as the Magistrate Judge did, that the ALJ's findings are supported by substantial evidence. Accordingly, the objection is overruled.[6]

## II. *Failure to Provide the Plaintiff with a Full and Fair Opportunity to Cross-Examination*

During cross-examination of the VE, Plaintiff's representative asked the VE numerous questions. *See* (Tr. 52-56). Apparently intending to elicit from the VE what effect Plaintiff talking

---

[4] In addressing Plaintiff's contention that the ALJ should have ordered a psychiatric evaluation, the Magistrate Judge found: "Finally, and importantly, Plaintiff fails to make a showing of prejudice, i.e., how a psychological evaluation would have an effect on the ALJ's decision." The same reasoning applies here.

[5] Indeed, contrary to Plaintiff's testimony that she was diagnosed as bipolar, the medical records that were reviewed by the ALJ, and by the Magistrate Judge, show that she had "no indication of an underlying mood or anxiety disorder." (Tr. 502). Rather, the medical evidence reference her opioid dependence. (Tr. 502, 580).

[6] *See Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[Plaintiff] has not shown that she suffered prejudice as a result of any failure of the ALJ to perform further factfinding, because there is no evidence [the] ALJ's decision would have changed in light of any additional information.").

to herself would have on an employer's decision to hire her, the representative, rather than asking questions, stated: "Well, she talks to herself and answers. I'm assuming that an employer wouldn't want to hire somebody who talks to themselves and answers themselves. I think that would be kind of odd." (Tr. 55). At this point, the ALJ instructed the representative not to impart her impressions about the case into the record, and asked if there were any additional questions for the VE before she was dismissed. (*Id.*). The representative responded "no" and the VE was dismissed. (*Id.*). Immediately thereafter, the representative asked that the VE be recalled, but the ALJ declined. (*Id.*). The hearing concluded shortly after. (*Id.*).

Plaintiff objects to the Magistrate Judge's finding that although her cross-examination of the VE was cut short, she failed to show prejudice. (Dkt. 24, p. 3). She contends that a due process violation occurred when her cross-examination was "cut short" and as a result, the record regarding her mental impairment was not fully developed.

"[D]ue process requires only an opportunity to be heard 'at a meaningful time and in a meaningful manner,'" *Cherry v. Heckler*, 760 F.2d 1186, 1190 (11th Cir. 1985) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)), which includes the right to cross-examine witnesses. *Hudson v. Heckler*, 755 F.2d 781, 784 (11th Cir.1985).

There was no due process violation here. Plaintiff, through her representative, was afforded the right to cross examine the VE and took advantage of that opportunity. Her inartful attempt to elicit testimony from the VE concerning the effect of her mental health issues on prospective employers cannot be attributed to any fault on the part of the ALJ. As discussed, there was no medical evidence of a mental impairment in the record. In light of this, it is apparent that the ALJ was simply exercising his authority to manage the hearing. And even if it could be said that the ALJ "cut short" her cross examination, the Magistrate Judge correctly found that she was not prejudiced.

7

To warrant a remand for further development, "there must be a showing of prejudice." *Brown*, 44 F.3d at 935. Plaintiff fails to make this showing. First, she offers nothing to suggest that the ALJ's decision would have been different if the VE had been asked to consider that Plaintiff talked to herself. More importantly, as discussed, other than the representative's own statements regarding this, the record is devoid of any medical evidence that Plaintiff suffered from a mental impairment. And finally, to the extent Plaintiff argues that a due process violation occurred when the ALJ refused to recall the VE, this argument is without merit. As noted, before the VE was dismissed, the representative was asked if she had any additional questions for the VE, and she responded that she did not. (Tr. 55).

Next, Plaintiff contends that the ALJ erred in failing to explain the purpose of taking testimony from the VE and failing to explain that Plaintiff had a right to cross-examine the VE. (Dkt. 24, p. 3). She cites no authority for these contentions, however, and fails to identify what part of the Report and Recommendation to which she objects.[7] Rather, she reasserts her initial challenges to the Commissioner's decision, that the ALJ failed to comply with his duty to fully and fairly develop the record and erred in failing to explain the proceedings. And these contentions are belied by the record. The materials provided to Plaintiff before the hearing demonstrate that she was apprised of her rights, including the right of her representative to question witnesses. *See* (Notice of Hearing, Dkt. 14-4, p. 56; Your Right to Representation, Dkt. 14-4, p. 59).

I find there was no due process violation. Plaintiff was afforded the right to cross-examine the VE and did so. To the extent there was arguably a violation as a result of her representative's cross-examination being "cut short," she fails to show that she was prejudiced by the actions of the

---

[7] *See Hamilton*, 680 F.3d at 1319 ("...the failure to make arguments and cite authorities in support of an issue waives it.").

ALJ. Accordingly, her objection is overruled.

### III. *Failure to Consider Evidence Prior to the Date Last Insured*

Plaintiff objects to the Magistrate Judge's finding that the ALJ's failure to consider evidence prior to the date last insured was harmless.[8] (Dkt. 24, pp. 3-5).

As part of this objection, she contends that the ALJ failed to explain "the meaning of 'date last insured' and the importance of having these records from before that date at the hearing." (*Id.* at p. 4). This contention is disingenuous. As the Magistrate Judge correctly found, Plaintiff was provided with materials explaining the importance of "date last insured." (Notice of Hearing, Dkt. 14-4, p. 55). And to the extent she argues that the ALJ had a duty to insure that she understood "the legal significance" of the date she was last insured and to verify that she had reviewed all of the exhibits, she cites no legal authority to support this argument. Moreover, nothing in the record suggests that she did not understand the purpose of the hearing or that she was not prepared.

More specifically, Plaintiff objects to the Magistrate Judge's finding that the ALJ's failure to consider a 2007 x-ray and a 2009 MRI was harmless. (Dkt. 24, p. 4). She contends that although these records pre-date her disability onset date, they could have been useful in assessing her RFC. This contention is unsupported by the evidence and without merit.

The Magistrate Judge noted Plaintiff's failure to show how these medical records from 2007 and 2009, years before her disability onset date, were relevant to a finding disability. (Dkt. 22, p. 13). Notwithstanding, she found that even though the injuries in 2007 and 2009 were not expressly discussed by the ALJ, those injuries were consistent with the injuries noted in the ALJ's findings after review of a 2012 MRI. (*Id.*). After a *de novo* review, I agree with the Magistrate Judge's

---

[8] Again, Plaintiff fails to support this contention with citations to legal authority.

reasoning and finding. Plaintiff has failed to show prejudice from the ALJ's failure to expressly discuss or consider the 2007 x-ray and 2009 MRI. *See Robinson*, 365 F. App'x at 999.

Plaintiff had the burden of establishing her disability between her alleged onset date and the date she was last insured. *See Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011). She failed to do so. Although she contends that the 2007 x-ray and 2009 MRI include information regarding her impairments, she fails to show what information in those records would have affected the ALJ's decision, particularly considering that the ALJ reviewed and considered the 2012 MRI which revealed injuries consistent with those shown in the 2007 and 2009 records. And to the extent she argues that the ALJ should have expressly discussed these medical images, binding authority holds to the contrary. It is well settled that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer*, 395 F.3d at 1211.

Finally, Plaintiff contends that the ALJ should have assisted her in obtaining medical records that related to the 2007 x-ray and 2009 MRI. (Dkt. 24, p. 4). She argues that this was particularly important "given that there is no other evidence in the record from before the date last insured." (*Id.*). As correctly noted by the Magistrate, however, Plaintiff has the obligation to support her claim of disability. (Dkt. 22, p. 13); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a); *Bowen v. Yucket*, 482 U.S. 137, 146 n.5 (1987). And while the ALJ had a duty to develop the record, Plaintiff must show prejudice before a remand for further development of the record is warranted. She cannot make that showing. Specifically, she fails to identify any evidence not considered by the ALJ that would have affected his decision. *See Robinson*, 365 F. App'x at 999.

Accordingly, after a *de novo* review of the findings of the Magistrate Judge to which objections are made, and a review for plain error, Plaintiff's objection is overruled.

**CONCLUSION**

Plaintiff's Objections are **OVERRULED**. The Report and Recommendation (Dkt. 22) is **APPROVED** and **ADOPTED** for all purposes, including appellate review. The decision of the Commissioner is **AFFIRMED**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendant pursuant to 42 U.S.C. § 405(g), and to **CLOSE** the file.

**DONE AND ORDERED** this 12th day of September, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record